**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMAX, INC. and WORKTOOLS, INC., | |
| Plaintiffs, | |
| v. | Civil Action No. 16-10695-NMG |
| ACCO BRANDS CORP., | |
| Defendant. | |

**PLAINTIFFS' OPPOSITION TO ACCO BRANDS'**
**MOTION TO DISMISS OR TRANSFER VENUE GIVEN**
**THE U.S. SUPREME COURT'S RECENT *TC HEARTLAND* DECISION**

## <u>TABLE OF CONTENTS</u>

**Page**

FACTS AND PROCEDURAL HISTORY ....................................................................4

    A.    ACCO's Waiver of Venue in its Answer and First Motion
          to Transfer ....................................................................................................4

    B.    The Scheduling Conference and the Case Schedule ................................5

    C.    ACCO's Early Extensive Summary Judgment Filing .............................6

    D.    The Parties' Claim Construction Activities .............................................7

ARGUMENT ............................................................................................................8

    A.    Legal Standard – Venue is Waived if not Raised and Pursued ...............8

          1.    ACCO did not preserve and waived its right to contest venue ......9

          2.    Since there is no change in the law, there is no retroactive
               application ...................................................................................14

    B.    Venue in Massachusetts is Proper Pursuant to 28 U.S.C. § 1400(b) ....14

    C.    28 U.S.C. § 1400 Does Not Apply to Trademark Claims ......................18

    D.    ACCO's Second Attempt to Transfer this Case Should be Denied ........18

    E.    Transferring this Case out of Massachusetts Will Disrupt Judicial Economy .......18

CONCLUSION ......................................................................................................20

# TABLE OF AUTHORITIES

**Case**                                                                 **Page**

*Amcel v. Int'l Exec. Sales, Inc.*,
    170 F.3d 32 (1st Cir. 1999) ................................................................. 13

*Bennett v. City of Holyoke*,
    362 F.3d 1 (1st Cir. 2004) .............................................................. 12, 13

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*,
    Case No. 15-cv-21 (E.D. Va. Jun. 7, 2017) ................................. 1, 13, 14

*Cordis Corp. v. Cardiac Pacemakers*,
    599 F.2d 1085 (1st Cir. 1979) ........................................................ 14, 17

*CPG Products Corp. v. Mego Corp.*,
    214 U.S.P.Q. 129 (S.D. Ohio 1980) ...................................................... 17

*Dirrane v. Brookline Police Dep't*,
    315 F.3d 65 (1st Cir.2002) ............................................................. 12, 13

*Eastern Enterprises v. Apfel*,
    524 U.S. 498 (1998) ............................................................................. 11

*Engel v. CBS, Inc.*,
    886 F. Supp. 728 (C.D. Cal. 1995) ......................................................... 9

*Fourco Glass Co. v. Transmirra Products Corp.*,
    353 U.S. 222 (1957) ................................................................ 10, 13, 14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011) ........................................................................... 8

*GTE Sylvania, Inc. v. Consumer Products Safety Commission*,
    438 F. Supp. 208 (D. Del. 1977) .......................................................... 19

*Hoffman v. Blaski*,
    363 U.S. 335, 343 (1960) ....................................................................... 9

*Holland v. Big River Minerals Corp.*,
    181 F.3d 597 (4th Cir. 1999) ................................................................ 11

*Holzsager v. Valley Hospital,*
    646 F.2d 792 (2d Cir. 1981) ....................................................................................... 11, 12

*Instrumentation Specialties Co. v. Waters Associates, Inc.,*
    196 U.S.P.Q. 684 (N.D. Ill. 1977) .................................................................................. 17

*Leroy v. Great W. United Corp.*
    443 U.S. 173 (1979); ....................................................................................................... 9

*Optical Recording Corp. v. Capitol-EMI Music, Inc.,*
    803 F. Supp. 971 .......................................................................................................... 19

*Ponce De Leon Hospitality Corp. v. Avalon Logistics, Inc.*,
    117 F.Supp.3d 124 (D. P.R. 2015) ............................................................................... 2, 5

*Shelter-Lite Inc. v. Reeves Bros., Inc.*,
    356 F. Supp. 189 (N.D. Ohio 1973) .............................................................................. 17

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017). ............................................ passim

*Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*
    460 U.S. 533 (1983) ...................................................................................................... 13

**Statutes**

28 U.S.C. §§ 1391 .................................................................................................................. 4

28 U.S.C. § 1391(a) ............................................................................................................. 10

28 U.S.C.§ 1400 .................................................................................................................... 4

28 U.S.C. §1400(b) ....................................................................................................... passim

28 U.S.C. § 1404(a) ................................................................................................. 2, 5, 9, 18

28 U.S.C.§ 1406 .................................................................................................................... 2

28 U.S.C. § 1406(b) .............................................................................................................. 9

Mass. Gen. Laws ch. 149 § 185(c)(1) ................................................................................. 12

Mass. Gen. Laws ch. 149 § 185(d) ..................................................................................... 12

**Rules**

Fed. R. Civ. P. 1 ................................................................................................................ 19

Fed. R. Civ. P. 12(b)(3) ........................................................................................................ 1

Fed. R. Civ. P. 12(b) ........................................................................................................... 9

Fed. R. Civ. P. 12(h)(1) ....................................................................................................... 9

ACCO Brands Corp. ("ACCO"), a publicly traded company, sells a wide array of products domestically and throughout the world, under a variety of brands, including ACCO®, Mead®, Trapper Keeper, and Swingline®.  For over a decade, ACCO has sold millions of dollars of staplers throughout the entire United States, including into targeted locations in Massachusetts.  Despite this uncontroverted fact, the fact it never challenged personal jurisdiction and the fact that two of its key customers (W.B. Mason and Staples, Inc.) both are headquartered in Massachusetts, ACCO complains in its Motion to Dismiss or Transfer that it does not have a regular and established business here in the Commonwealth.  (Dkt. No. 72, at 5.) ACCO makes that claim in the wake of the recent Supreme Court opinion in *TC Heartland*,[1] which ACCO uses to argue – again – for a venue change.

Contrary to ACCO's argument, however, the Supreme Court made clear that the law governing venue for patent infringement cases against domestic corporations has not, in fact, changed as a result of *TC Heartland*, regardless of the intervening case law from the United States Court of Appeals for the Federal Circuit.  Thus, any suggestion that the Supreme Court granted ACCO yet another opportunity to challenge venue at this stage of the case is wrong, and must be rejected.  *See, e.g. Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, Case No. 15-cv-21 (E.D. Va. Jun. 7, 2017) (Exhibit 1).

ACCO's Motion to Dismiss or Transfer[2] ("Motion"), should be denied for at least four reasons.  First*,* ACCO's attempt to use the *TC Heartland* decision as a vehicle to dismiss or transfer the case lacks a proper procedural predicate.  Visibly missing from ACCO's Motion is any citation to Fed. R. Civ. P. 12(b)(3), the mechanism to challenge venue.  (*See* Dkt. No. 72, Table of Authorities.)  The law is clear that a venue challenge must be made in the first

---

[1] *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017).
[2] Dkt. No. 72.

responsive pleading, or else it is waived.  ACCO did not plead improper venue as an affirmative

defense, and the fact that it generally denied venue but remained silent on the balance of the

substantive allegations in paragraph 6 of the Complaint results in a waiver of a venue challenge.

In fact, ACCO already tried and failed to transfer this case, not for improper venue, but for

convenience. By framing that initial Motion under 28 U.S.C. § 1404(a), instead of § 1406,

ACCO expressly conceded that venue is proper in Massachusetts, which is fatal to its instant

Motion.  *See Ponce De Leon Hospitality Corp. v. Avalon Logistics, Inc.*, 117 F.Supp.3d 124, 131

(D. P.R. 2015) (§ 1404(a) applies to those cases where venue is proper in the forum where

plaintiffs originally brought their case).

Moreover, having waited nearly a year after filing its Answer, after having filed a Motion

for Summary Judgment, and on the eve of the filing of Opening Claim Construction Briefs,

ACCO's tactical shift to move to dismiss or transfer is neither "timely" nor "sufficient."  ACCO

waived its right to challenge venue, and this Court, like the *Cobalt* court, need not reach ACCO's

retroactivity arguments because there has been no change in the law.  For that additional reason,

ACCO's Motion should be denied.

Second*,* venue is proper in Massachusetts pursuant to 28 U.S.C. §1400(b).  Despite

ACCO's contentions in its Motion, ACCO has employees or representatives overseeing the

Massachusetts territory, and targets Massachusetts' businesses.  Consistent with other precedent,

that is sufficient for the purposes of venue.  Moreover, Plaintiffs have plausibly alleged that

ACCO continuously commits acts of infringement within this District by selling its products

through various retailers.  (Dkt. No. 1, at ¶ 5) ("ACCO has committed and is committing acts of

infringement within this judicial district by selling and offering to sell the infringing products in

this district, including inducing retailers domiciled in this district to distribute and/or sell its

infringing products from and within this district").  Notably, ACCO's Motion for Summary Judgment is not predicated on a denial of sales here.  Not only has ACCO conceded that venue is proper, but Plaintiffs have established that venue is proper here under section 1400(b).  Accordingly, ACCO's Motion should be denied for this additional reason.

Third, ACCO concedes that the Plaintiffs' Complaint includes allegations of trademark infringement.  ACCO fails to acknowledge that the *TC Heartland* decision did nothing to disturb venue relating to Lanham Act or trademark-related claims.  As a result, Counts III and IV of Plaintiffs' Complaint are untouched by *TC Heartland,* and ACCO makes no cogent argument either for bifurcation or for expanding the scope of *TC Heartland* beyond patent claims to dismiss or transfer those counts.

Finally, judicial economy weighs heavily against dismissing or transferring this case.  As discussed below, this case is well beyond its nascent stages.  ACCO's premature Motion for Summary Judgment is fully briefed on all issues, including the trademark infringement claims.  Fact discovery is open; Plaintiffs timely served Preliminary Infringement Contentions on January 9, 2017; ACCO served Preliminary Non-Infringement and Invalidity Contentions on March 16, 2017; on May 9, 2017, ACCO identified almost 50 terms for construction (Exhibit 2), and the parties have had a meet and confer trying to narrow down that list.  Opening Claim Construction Briefs are due June 30, 2017.  (Dkt. No. 39.)  This case is too far along to be dismissed, and a transfer to a remote forum at this stage of the proceeding would disrupt the claim construction schedule and create uncertainty in the mechanism for dispositive motions going forward.

For all these reasons, and as set forth more fully herein, the Court should deny ACCO's Motion in its entirety.

## FACTS AND PROCEDURAL HISTORY

**A.     ACCO's Waiver of Venue in its Answer and First Motion to Transfer.**

On May 11, 2016, Plaintiffs filed the Complaint (Dkt. No. 1) against ACCO alleging

patent infringement and trademark infringement.  Paragraph 5 of the Complaint alleges that

> This Court has personal jurisdiction over ACCO because it transacts and
> solicits business in the Commonwealth of Massachusetts, including with
> respect to the infringing products at issue in this case, and because ACCO
> has committed and is committing acts of infringement within this judicial
> district by selling and offering to sell the infringing products in this
> district, including inducing retailers domiciled in this district to distribute
> and/or sell its infringing products from and within this district.  Further,
> ACCO maintains an interactive website available to consumers within this
> district on which it advertises its products, including the infringing
> products, whereby consumers in this district can order and have shipped
> the infringing product into Massachusetts.  Additionally, the infringing
> product is offered for sale on Amazon.com, available for shipment into
> this district.  In sum, ACCO has targeted, made or established contacts
> within this judicial district sufficient to permit the exercise of personal
> jurisdiction by this Court over it.

On July 7, 2016, ACCO filed its Answer.  (Dkt. No. 15.)  ACCO denied infringement and

inducing infringement, but ACCO expressly "submits to personal jurisdiction in this district" and

purports to lack knowledge or information sufficient to form a belief as to the truth or falsity of

the balance of the allegations in the paragraph.  (Dkt. No. 15, at 3.)

Paragraph 6 of the Complaint relates to venue, pled under both 28 U.S.C. §§ 1391 and

1400.  There, Plaintiffs alleged that venue is proper "because ACCO is subject to personal

jurisdiction within this judicial district and ACCO regularly transacts and solicits business in this

district, including with respect to the infringing products at issue in this case."  (Dkt. No. 1, ¶ 6.)

ACCO denied venue, but ACCO was notably silent as to the substantive allegations concerning

its regular transaction and solicitation of business here.  (Dkt. No. 15, at 3.)

Although ACCO asserted eighteen (18) affirmative defenses, ACCO does not assert an affirmative defense relating to venue.  (Dkt. No. 15, at 12-15.)  It does, however, affirmatively represent in the context of its Twelfth Affirmative Defense that ACCO "has continuously used the 'Long Reach' mark on staplers in the entire United States since at least as early as 1996."

On July 7, 2016, ACCO filed its Motion to Transfer based on convenience pursuant to 28 U.S.C. § 1404(a).  (Dkt. Nos. 17, 18.)  In its Motion to Transfer, ACCO requested that the case be moved to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).  (*Id.*)  Unlike 28 U.S.C. § 1406(a), which addresses the situation where a plaintiff files the action in the wrong venue, § 1404(a) permits a court, having jurisdiction and venue over the case, to transfer an action when it believes convenience and interests of justice require transfer to another court.  In sum, by bringing its Motion to Transfer under 28 U.S.C. § 1404(a), ACCO stipulated that venue is proper in Massachusetts.  *See Ponce De Leon Hospitality Corp.*, 117 F.Supp.3d at 131.  On October 4, 2016, the Court denied ACCO's Motion to Transfer, stating in relevant part that "there is a strong presumption in favor of plaintiffs' choice of forum" and "that presumption has not been overcome in this case."  (Dkt. No. 32.)

**B.      The Scheduling Conference and the Case Schedule.**

On December 1, 2016, the parties filed a Joint Statement prior to the Scheduling Conference. (Dkt. No. 36.)  There, ACCO represented that it planned to file a motion for summary judgment addressing all of Plaintiffs' claims, i.e. the patent infringement allegations relating to the two patents in suit, and the trademark infringement claims.  (Dkt. No. 36, at 2-3.)  In response, Plaintiffs argued that ACCO's proposal, i.e. summary judgment before the exchange of infringement and invalidity contentions or claim construction briefing, was ill-advised and invited multiple rounds of summary judgment filings.  (Dkt. No. 36, at 3-4.)  At the Scheduling

Conference, the Court made clear that ACCO would not be permitted multiple summary judgment motions on the same issues.

The parties proposed, and the Court adopted, a schedule for the exchange of Preliminary Infringement Disclosures (January 9, 2017), Preliminary Invalidity and Non-Infringement Disclosures (March 9, 2017), the exchange of claim terms for construction and proposed constructions (May 9, 2017), meet and confer on the claim terms (May 16, 2017), Opening Claim Construction Briefs (June 30, 2017), Reply Claim Construction Briefs (July 17, 2017), List of Disputed Terms and Joint Statement (July 31, 2017), and Markman Hearing (September 6, 2016).  (Dkt. No. 39.)  The Court also set a close of fact discovery for December 15, 2017, and a close of expert discovery for March 18, 2018.  (*Id.*)

**C.      ACCO's Early Extensive Summary Judgment Filing.**

Ignoring the colloquy at the Scheduling Conference, on February 22, 2017, ACCO filed its Motion for Summary Judgment on issues of patent infringement, patent invalidity and trademark infringement.  (Dkt. Nos. 46-52.)  ACCO's summary judgment filings exceed 250 pages.  Thus, even though ACCO represents in its current Motion that "[n]othing else has happened" other than an exchange of preliminary contentions, Dkt. No. 72, at 2, that is far from accurate.

As part of its argument on the issue of trademark infringement, ACCO represented that "ACCO sells staplers under the Swingline® brand," and for more than 10 years, ACCO has continuously offered and sold a stapler with the "Long Reach" mark across the entire United States.  (Dkt. No. 47, at 24.)  ACCO further argues that it has sold "millions of dollars" of the staplers in the United States, without carving out the Commonwealth of Massachusetts from that claim.  (*Id.* at 25.)

To support those statements, ACCO filed a sworn Declaration from John Peters.  (Dkt. No. 49.)  There, Mr. Peters represented that ACCO publishes a "Fact Book" that lists all of its products, and it gives those Fact Books to ACCO sales representatives and to customers throughout the entire United States.  (Dkt. No. 49, at ¶¶ 7-8, 10.)

Plaintiffs filed an Opposition to the Motion for Summary Judgment on March 29, 2017 (Dkt. Nos. 59-61.)  Plaintiffs argued, *inter alia*, that ACCO's premature summary judgment filing is predicated on embedded claim constructions and a misapplication of the doctrine of estoppel.  Plaintiffs also argued that ACCO's Motion for Summary Judgment on the trademark claims should be denied because of issues of material fact.  ACCO filed a Reply on April 13, 2017 (Dkt. No. 68).  On page ten (10) of that Reply, ACCO asserts that "the unrebutted evidence establishes that ACCO sold the accused staplers continuously over the United States… .)  (Dkt. No. 68, at 10.)

**D.    The Parties' Claim Construction Activities.**

Consistent with the Scheduling Order, Plaintiffs timely served Preliminary Infringement Contentions on January 9, 2017.  Roughly six (6) weeks later, Defendant filed the above-referenced Motion for Summary Judgment.  Despite the pendency of that Motion, which Defendant has framed as dispositive of all issues, ACCO never sought a stay of the claim construction-related deliverables.

On March 16, 2017, ACCO served Preliminary Non-Infringement and Invalidity Contentions.  (Exhibit 3.)  As is plain from the submission, despite the pending Motion for Summary Judgment, ACCO purported to combine over a dozen references for its invalidity claims and implicated claim construction issues in its non-infringement and invalidity positions.

On May 9, 2017, as required by the Scheduling Order, the parties exchanged terms for construction. Plaintiffs identified one term for construction. Defendants identified dozens. (Exhibit 2.)

The sheer volume of Defendants' list is entirely inconsistent with its position that this matter is ripe for summary judgment, and that drove the parties' meet and confer the following week. During that meet and confer, and in light of the rapidly approaching deadline for the parties' exchange of Opening Claims Construction Briefs (June 30, 2017), ACCO's counsel agreed to narrow down the list of terms for construction. That has never happened, and as of today, ACCO's counsel represents that the winnowing effort is still underway.

Yet, at the same time, ACCO filed the instant Motion to Stay and Motion to Dismiss or Transfers, seeking expedited briefing on the issues raised by the United States Supreme Court's decision in *TC Heartland*. Per the Scheduling Order, the parties' Opening Claim Construction Briefs, which will make clear the infirmity of ACCO's premature summary judgment filing, are due in less than three weeks.

## ARGUMENT

### A.   Legal Standard – Venue is Waived if not Raised and Pursued.

American jurisprudence protects litigants from being brought into distant tribunals when the litigants and the litigation have little or nothing to do with the location of that court. Historically, both personal jurisdictional and venue served this purpose in related, but different, ways. At its core, personal jurisdiction is a limit on sovereign authority to adjudicate. *See, e.g. Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). Venue, in contrast, is a mechanism to protect parties from being forced to litigate in a location where they would be inconvenienced.

Venue is a waivable personal privilege of defendants.  *Leroy v. Great W. United Corp.* 443 U.S. 173, 180 (1979); *Hoffman v. Blaski,* 363 U.S. 335, 343 (1960) ("venue, like jurisdiction over the person, may be waived.  A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it.").  In fact, nothing in the statutory venue provisions "shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."  28 U.S.C. § 1406(b).  Here, ACCO was required to raise a venue challenge either in a motion made before responsive pleading or as part of the responsive pleading, or the defense is waived.  Fed. R. Civ. P. 12(b), 12(h)(1).  ACCO did neither – it did not include improper venue as an affirmative defense, and it expressly conceded that Massachusetts is the proper venue by framing its first Motion to Transfer in the context of 28 U.S.C. § 1404(a).

### 1.      ACCO did not preserve and waived its right to contest venue.

It is undisputed that ACCO failed to preserve improper venue as an affirmative defense, and it also failed to file a timely Rule 12(b)(3) Motion.  In fact, not only did ACCO not initially challenge venue pursuant to 28 U.S.C. § 1400(b), it filed an early Motion for Summary Judgment, undercutting its implicit argument that it views this forum as inhospitable.  When ACCO filed its first Motion to Transfer—properly denied by this Court—ACCO made the intentional choice to seek the transfer based on convenience, not improper venue.  28 U.S.C. § 1404(a).  As a result, even though ACCO now argues that it properly preserved the defense of improper venue,[3] that is not accurate.

In its Motion, ACCO relies on *Engel v. CBS, Inc.*, 886 F. Supp. 728, 729-730 (C.D. Cal. 1995) for the proposition that "even when a change in the law occurs late in a case, courts have found no waiver of the improper venue defense."  (Dkt. No. 72, at 7.)  The *Engel* case, which

---

[3] Dkt. No. 72, at 6.

involved allegations of breach of contract and copyright infringement, is readily distinguishable. *Id.* at 729.  The issue of improper venue in *Engel* revolved around the 1990 and 1992 amendments to the general venue statute, 28 U.S.C. § 1391(a).  *Id.* at 730.  Since the arguments regarding improper venue were "not known to be available" to the defendants because the statutory language changed in the intervening period, the change created a defense that was not previously available, so the court found no waiver and transferred venue.  *Id.* at 730.

In contrast, there has been no change to the venue statue relating to patent infringement cases since this case began.  *TC Heartland,* 2017 WL 2216934, at *2 ("Congress has not amended § 1400(b) since [1957].").  The patent venue statute, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  The Supreme Court in *TC Heartland* affirmed its decades-old decision *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222 (1957); it did not change the law, even though it reversed the Federal Circuit's interpretation of the statute.  *TC Heartland*, 2017 WL 2216934, at *7.  In short, the venue argument ACCO makes now was available to it when the case started, and by failing to preserve and raise the venue challenge then, ACCO waived it.

The defendant in *TC Heartland* was faced with the same statutory construct as ACCO, i.e. whether venue was proper pursuant to 28 U.S.C. § 1400(b).  Unlike ACCO, however, the *TC Heartland* defendant filed a motion to dismiss and to transfer arguing improper venue, thus making a "timely" and "sufficient" objection.  Notably, ACCO makes no effort to explain why the defendant in *TC Heartland* recognized and made its timely arguments in June 2014, but ACCO did not, two years later.

Throughout its Motion, ACCO repeatedly suggests that it could not have objected to venue; yet, this argument is undercut by *TC Heartland* and the authority ACCO cites.  In a footnote, ACCO relies on *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999), which ACCO contends stands for the proposition that "when there has been an intervening change in the law" such that "an issue was not previously available," this is an "exception to the general rule of waiver."  (Dkt. No. 72, at 7, fn 5.)  The *Holland* case involved the issue of health care benefits for retired coal industry workers and their dependents.  *Id.* at 600.  There, the Fourth Circuit found that the Supreme Court's decision in *Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998), was not an intervening change in the law of Fifth Amendment takings, so the defendants were not excused from their failure to make a challenge earlier, and the issues were not properly preserved.  *Holland*, 181 F.3d 606-07.  Contrary to the suggestion ACCO makes in relying on *Holland*, that case is contrary to ACCO's position.

ACCO reliance on *Holzsager v. Valley Hospital,* 646 F.2d 792 (2d Cir. 1981) is similarly misplaced.[4]  The *Holzsager* case involved wrongful death allegations against a New Jersey hospital; New Jersey had a two year statute of limitations and a liability cap for charitable organizations.  *Id.* at 794.  To avoid those, the plaintiff sued in New York state court, premising jurisdiction on her attachment of an insurance policy issued to the hospital by Continental Insurance Company, a resident of New York; the defendant hospital removed the case to Federal Court and included as its second affirmative defense "This Court, and the Court from which the action was removed, lacked jurisdiction over the person of the defendant." *Id.*  After impleading a doctor (a New Jersey resident), and transferring the case to the United States District Court for the District of New Jersey, the hospital moved to dismiss for lack for subject matter jurisdiction

---

[4] Dkt. No. 72, at 7, fn 5.

based on the $10,000 cap, which made diversity jurisdiction unreachable.  *Id.*  Meanwhile, the Supreme Court was considering the quasi-in-rem type attachment jurisdiction on which the complaint was premised, ultimately determining them to be unconstitutional.  *Id.*  On appeal, the Second Circuit considered whether the hospital constructively waived its objection to personal jurisdiction when it petitioned for removal and then transferred the case to New Jersey.  Because the wording of the second affirmative defense was "literally broad enough to encompass" the personal jurisdiction argument later made, the Second Circuit found no waiver.  *Id.* at 796.  Here, ACCO never asserted an affirmative defense based on venue, and it expressly conceded proper venue in its first Motion to Transfer.  Put simply, the *Holzsager* does not assist ACCO either.

Nor does *Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004), another case on which ACCO relies.[5]  In *Bennett*, a former police sergeant sued a city and its employees alleging violations of his statutory and common law rights in retaliation for attempting to expose corruption in police department.  That case involved the Massachusetts whistleblower statute, which gives an aggrieved employee a private right of action against his or her employer.  *Id.* at 6, citing Mass. Gen. Laws ch. 149 § 185(d).  Whistleblower plaintiffs must satisfy a statutory notice requirement: "the protection against retaliatory action ... shall not apply to an employee who makes a disclosure to a public body unless the employee has brought the [allegedly illegal or corrupt] activity ... to the attention of a supervisor ... by written notice and has afforded the employer a reasonable opportunity to correct the activity."  *Id.* citing Mass. Gen. Laws ch. 149 § 185(c)(1).  Since filing a suit constitutes disclosure to a public body, a prospective whistleblower plaintiff must give written notice of the alleged wrongdoing to the employer before filing a civil action.  *Id.* (citing *Dirrane v. Brookline Police Dep't*, 315 F.3d 65, 73 (1st Cir.2002)).

---

[5] Dkt. No. 72, at 6-7.

In *Bennett,* the defendant City of Holyoke contended that the plaintiff failed to provide it with advance notice before filing suit.  *Id.* at 7.  The City, however, did not rely on the notice defense in the pretrial proceedings, at the trial, during the charge conference, or in its motion for judgment as a matter of law.  *Id.* at 6.  The First Circuit noted that when a party "persistently sleeps on its rights, waiver almost inevitably results," so that by the time the City raised the issue in its post-trial motions for relief from judgment, it was too late.  *Id.* (citing *Amcel v. Int'l Exec. Sales, Inc.*, 170 F.3d 32, 35 (1st Cir. 1999)).  The City argued that the *Dirrane* case was decided after the jury verdict, so it could not have raised the notice defense earlier.  *Id.* at 7.  The First Circuit rejected that argument, too, reasoning that *Dirrane* interpreted the notice requirement, but the defense was "fairly available" to the defendant.  *Id.*  Having failed to avail itself of the defense, the defendant waived it.

The same analysis applies here.  ACCO tries to avoid waiver by focusing on the disconnect between the Federal Circuit and the United States Supreme Court, which reversed the Federal Circuit in the *TC Heartland* decision.  Dkt. No. 72, at 7.  That is not the right comparison: the *TC Heartland* decision makes clear that the 1957 Supreme Court *Fourco* decision remains unchanged.  As the court in *Cobalt* correctly acknowledged: the "Supreme Court has never overruled *Fourco*, and the Federal Circuit cannot overrule binding Supreme Court precedent." *Cobalt*, Exh. 1, at 6 (citing *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.* 460 U.S. 533, 535 (1983) ("Needless to say, only this Court may overrule one of its precedents.")).  Here, because *Fourco* was always binding precedent, ACCO's argument detouring into the import of the Federal Circuit decision (*VE Holding*) is irrelevant and does not inform whether ACCO waived its argument here.

**2.      Since there is no change in the law, there is no retroactive application.**

For the same reason, ACCO's assertions about the retroactivity of the *TC Heartland*

decision also fail.  Dkt. No. 72, at 3-4.  Faced with the same argument, i.e. whether *TC*

*Heartland* qualifies for the intervening law exception to waiver, the *Cobalt* court found that since

the *Fourco* venue defense has been available to every patent infringement defendant since 1957,

and there is no change in the law, *TC Heartland* does not qualify for the intervening law

exception to waiver, so "retroactivity is also not at issue."  *Cobalt,* Exh. 1 at 6 and fn 1.  The

same analysis applies here: ACCO had the venue defense available to it under applicable

Supreme Court precedent, and it waived the venue defense by failing to include the affirmative

defense, and by conceding venue in its first Motion to Transfer.

**B.      Venue in Massachusetts is Proper Pursuant to 28 U.S.C. § 1400(b).**

Even though ACCO waived its right to challenge venue, and is current challenge is not

timely, ACCO nevertheless contends that venue is improper under 28 U.S.C. § 1400(b).  As in

*Cobalt,* since ACCO waived it right to challenge improper venue, this "Court need not reach the

issue of whether venue is proper under the second provision of §1400(b)."  *Id.* at 9.

As support for its untimely challenge, ACCO relies on the First Circuit precedent, *Cordis*

*Corp. v. Cardiac Pacemakers,* 599 F.2d 1085 (1st Cir. 1979).  (Dkt. No. 72, at 4-5.)  But it cites

that case for the proposition that the burden is on the Plaintiffs to establish that venue is proper.

The *Cordis* court actually stated that "[i]t should be noted that there is ample authority placing

the burden of so doing on the plaintiff ***once a defendant has challenged venue by filing a***

***motion to dismiss based on the lack thereof***."  *Id.* at 1086 (emphasis added).  Here, ACCO

failed to properly challenge venue by timely filing the requisite motion to dismiss based on

improper venue.  ACCO cites no precedent requiring plaintiffs to affirmatively prove venue absent a timely and sufficient objection.

Nevertheless, venue is proper in this District under 28 U.S.C. § 1400(b).  As set forth *supra,* Section 1400(b) requires that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  The *TC Heartland* case addressed the issue of "residence," i.e. the state of incorporation, which for ACCO is Delaware, not Illinois.

The *TC Heartland* case did not address the second prong, and that analysis remains unchanged since this case began.  In the Complaint, Plaintiffs alleged that the Court "has personal jurisdiction over ACCO because it transacts and solicits business in the Commonwealth of Massachusetts, including with respect to the infringing products at issue in this case, and because ACCO has committed and is committing acts of infringement within this judicial district by selling and offering to sell the infringing products in this district, including inducing retailers domiciled in this district to distribute and/or sell its infringing products from and within this district."  (Dkt. No. 1, ¶ 5.)  Plaintiffs further alleged that "ACCO maintains an interactive website available to consumers within this district on which it advertises its products, including the infringing products, whereby consumers in this district can order and have shipped the infringing product into Massachusetts."  (*Id.*)  Plaintiffs also allege that "the infringing product is offered for sale on Amazon.com, available for shipment into this district."  (*Id.*)  In response, ACCO denied infringement and inducing infringement, but ACCO expressly "submits to personal jurisdiction in this district" and purports to lack knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations in the paragraph.  (Dkt.

No. 15, at 3.)  Having conceded personal jurisdiction and ignored the factual allegations on which that jurisdiction is predicated, ACCO should not be permitted to advance a conclusory Declaration that is devoid of actual underlying facts instead contending that it "has no permanent or continuous presence in this Massachusetts."  (Dkt. No. 72-3 ¶ 5.)

Moreover, Plaintiffs specifically pled venue in paragraph 6 of the Complaint, alleging that venue is proper "because ACCO is subject to personal jurisdiction within this judicial district and ACCO regularly transacts and solicits business in this district, including with respect to the infringing products at issue in this case."  (Dkt. No. 1, ¶ 6.)  ACCO simply denied venue, but ACCO was notably silent as to the substantive allegations concerning its regular transaction and solicitation of business here.  (Dkt. No. 15, at 3.)

In support of its Motion for Summary Judgment, ACCO advanced a declaration from John E. Peters, Jr.[6]  There, ACCO represents that "[c]ontinuously from at least 2003 to present, ACCO Brands has offered and sold a stapler with the 'Long Reach' mark across the entire United States," without specifically carving out Massachusetts.  Exh. 4, at ¶5.  ACCO asserts that "From 2003 to present, ACCO Brands has sold millions of dollars of staplers with the 'Long Reach' mark across the United States."  Id. at ¶12.  ACCO makes no effort to reconcile the obvious contradiction between the representations it made to the Court in the context of summary judgment, when it trumpeted the extent of its sales penetration throughout the country, with the current filing, where it shrinks from this forum where it plainly seeks and does business.

Moreover, ACCO's recent 10-K filing (Exhibit 5) discloses a subsidiary, General Binding Corporation ("GBC").  (Id. at 482.)  The records of Secretary of the Commonwealth reflect that GBC is a foreign corporation (with the same Lake Zurich, Illinois address as ACCO)

---

[6] For convenience, attached hereto as Exhibit 4.

authorized to do business relating to the "Manufacture & Sale of Office Supplies & Equipment" here.  (Exhibit 6.)

Additionally, the Federal Circuit has made clear that the presence of salespeople in a district, even without a physical office, may suffice for venue in a patent infringement case.  *See In re Cordis Corp.*, 769 F.2d 733, 735-37 (Fed. Cir. 1985).  ACCO contends that it has "no offices, warehouses, factories, stores, real estates, or employees" and "no sales people assigned to or located in Massachusetts."  Dkt No. 72-3. ¶7-8.  Contrary to ACCO's contentions, it appears that ACCO does indeed have representatives and/or employees in Massachusetts.  According to LinkedIn, ACCO has at least two Account Managers who reside within or are at least assigned to Massachusetts, one of whom used to be at Framingham-based Staples, Inc.  Exhibits 7 and 8.  Such an arrangement informs and undercuts the venue argument ACCO makes here.  *See Shelter-Lite Inc. v. Reeves Bros., Inc.*, 356 F. Supp. 189 (N.D. Ohio 1973); *see also Instrumentation Specialties Co. v. Waters Associates, Inc.,* 196 U.S.P.Q. 684 (N.D. Ill. 1977); *CPG Products Corp. v. Mego Corp.*, 214 U.S.P.Q. 129 (S.D. Ohio 1980).

Finally, Plaintiffs allege that ACCO commits acts of infringement in Massachusetts.  It is uncontroverted that ACCO sells the accused stapler products through both Staples, Inc. (Exhibit 9) and W.B. Mason (Exhibit 10) both of which are headquartered here.  (Exhibit 11.)  ACCO also cannot dispute that various online retailers such as Amazon.com offer and deliver the accused staplers in Massachusetts.  (Exhibit 12.)  For all these reasons, if the Court reaches this part of the argument, Plaintiffs have met their burden of showing that venue is proper in Massachusetts.

**C.      28 U.S.C. § 1400 Does Not Apply to Trademark Claims.**

Buried in a footnote, ACCO admits that *TC Heartland* does not apply to the pending

trademark claims (Counts III and IV of Plaintiffs' Complaint), since § 1400(b) governs patent

infringement claims.  ACCO does not contest, and in fact concedes, that the trademark claims are

properly before the Court.  Rather, ACCO asks that the Court dismiss the claims without

prejudice—citing no precedent for this drastic measure—or transfer the trademark claims to the

Northern District of Illinois.  As this Court has previously acknowledged the "strong

presumption in favor of plaintiffs' choice of forum," the Court should reject ACCO's baseless

attempt to dismiss the properly pending trademark claims, transfer them elsewhere, or bifurcate

the case.

**D.      ACCO's Second Attempt to Transfer this Case Should be Denied.**

ACCO moves in the alternative to transfer this case to the Northern District of Illinois,

where ACCO contends it also has a regular and established place of business.  (Dkt. No. 72, at

8.)  ACCO incorporates by reference "all the reasons cited in [its] earlier briefing on its motion

to transfer for convenience under §1404(a)."  *Id.*  These reasons, however, have already been

considered and properly rejected by the Court.  (Dkt. No. 32.)  Because ACCO previously

moved to transfer the instant case, and because venue is proper here, the Court should deny

ACCO's second attempt to transfer this case.

**E.      Transferring this Case out of Massachusetts Will Disrupt Judicial Economy.**

In addition to the above reasons, the Court should not dismiss or transfer this current case

because doing so would frustrate judicial economy.  This case is well beyond the early stages.

Fact discovery is open, summary judgment has been filed, and the parties are well into the claim

construction process.  With the deadline looming, Plaintiffs have already invested substantial

time and resources on the Opening Brief.  As such, this Court and the parties have invested a great deal of time, energy and resources on this case.  Transfer to another court, with its own local patent rules, would unduly prejudice Plaintiffs and would impose an unwarranted burden on another court forced to learn this case, which weighs strongly against transfer.  *See GTE Sylvania, Inc. v. Consumer Products Safety Commission*, 438 F. Supp. 208, 212 (D. Del. 1977) (denying motion to transfer venue where "voluminous record relating to the merits of this case is already before the Court… ."); *Optical Recording Corp. v. Capitol-EMI Music, Inc.,* 803 F. Supp. 971, 974 (denying motion to transfer venue because "[t]he Court's familiarity with the subject matter of the litigation [would therefore] reduce the expenditure of judicial resources in the handling of this matter.").

Finally, because ACCO concedes that the Plaintiffs' trademark claims are properly before the Court, bifurcation of the patent claims would frustrate judicial economy.  Having parallel tracks for discovery will be inefficient and costly for both parties, none of which is warranted on this record, at this stage.  Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that ACCO's Motion to Dismiss or Transfer Venue be denied.

AMAX, INC. and WORKTOOLS, INC.
By Their Attorneys,


/s/ *Jason C. Williams*
Jason C. Williams (BBO No. 691051)
**HINCKLEY, ALLEN & SNYDER LLP**
28 State Street
Boston, Massachusetts 02109
(617) 345-9000 Phone
(617) 345-9020 Fax
jwilliams@hinckleyallen.com

Christine K. Bush (BBO No. 635381)
**HINCKLEY, ALLEN & SNYDER LLP**
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000 Phone
(401) 277-9600 Fax
cbush@hinckleyallen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2017, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.


/s/ Jason C. Williams