```
                    United States District Court
                      District of Massachusetts
 _____
                                )
AMAX, INC. AND WORKTOOLS, INC., )
                                )
        Plaintiffs,             )
                                )
        v.                      )
                                )   Civil Action No.
ACCO BRANDS CORP.,              )   16-10695-NMG
                                )
        Defendant.              )
 _____)
```

**Gorton, J.**

Plaintiffs Amax, Inc. ("Amax") and Worktools, Inc. ("Worktools" and, collectively with Amax, "plaintiffs") allege that defendant ACCO Brands Corp. ("ACCO" or "defendant") infringed their patents and trademark in violation of 35 U.S.C. § 271(a) and 15 U.S.C. §§ 1114, 1125(a)(1)(A). Defendant's motions 1) to dismiss or transfer venue and 2) for an expedited briefing schedule and to stay are pending before the Court. For the reasons that follow, those motions will be denied.

## I. Background

The plaintiffs are two corporations. Amax is organized under the laws of Delaware and has a principal place of business in East Greenwich, Rhode Island. Worktools is organized under the laws of (and maintains its principal place of business in) California. Defendant ACCO is a Delaware corporation with a principal place of business in Lincolnshire, Illinois.

-1-

The plaintiffs and defendant sell competing desktop staplers. Worktools is the assignee of U.S. Patent Nos. 7,178,709 and 7,748,589 as to which Amax holds an exclusive license. Amax is also the assignee of U.S. Trademark Registration No. 3,377,921 for "Long Reach". Defendant manufactures and sells the Swingline Quick Touch Full Strip and the Swingline Quick Touch Compact staplers. Plaintiffs allege that defendant's staplers infringe its patents and trademark.

In April, 2016, plaintiffs filed a complaint alleging two counts of patent infringement in violation of 35 U.S.C. § 271(a) and (b) and trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A). In July, 2016, defendant answered and moved to transfer the case to the United States District Court for the Northern District of Illinois. In October, 2016 this Court denied the motion to transfer and in December, 2016 convened a scheduling conference.

In February, 2017, with leave of Court, defendant filed an early motion for summary judgment which plaintiffs opposed. In June, 2017, defendant filed motions 1) to dismiss or transfer venue based upon a recent decision of the United States Supreme Court, TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514 (2017), and 2) to expedite briefing and stay the case. This memorandum and order addresses those motions and, for the reasons that follow, they will be denied.

**II. The TC Heartland Decision**

The federal patent statue states that plaintiffs may file claims for patent infringement

> in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b). In 1957, the Supreme Court concluded in Fourco Glass Co. v. Transmirra Prod. Corp., 353 U.S. 222, 229 (1957), that 28 U.S.C. § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions" and that 28 U.S.C. § 1391(c), which addresses venue generally, is not incorporated into 28 U.S.C. § 1400(b). Moreover, the Fourco Court stated that it would not infer that Congress changed 28 U.S.C. § 1400(b) through the revision of other statutes "unless such intention is clearly expressed." Id. at 227. The Federal Circuit Court of Appeals ("Federal Circuit") diverged from Fourco in VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990), holding that 28 U.S.C. § 1400(b) incorporated 28 U.S.C. § 1391(c) and thus venue in patent cases is proper if a court has personal jurisdiction over a corporate defendant.

In May, 2017, the Supreme Court again addressed venue in patent cases in its TC Heartland decision. In that case, the Court reversed VE Holding Corp., determining that, consistent with its prior holding in Fourco, venue in patent cases is

-3-

determined solely by 28 U.S.C. § 1400(b). TC Heartland LLC, 137 S. Ct. at 1520. The Court rejected the Federal Circuit's assertion that changes Congress made to 28 U.S.C. § 1391 had been incorporated into 28 U.S.C. § 1400(b) based upon the absence of a "clear indication of [Congressional] intent". Id.

### III. Motion to Dismiss or Transfer Venue

Defendant moves to dismiss or transfer venue on the grounds that, under TC Heartland, venue is no longer proper in this Court because it is neither incorporated nor has a regular and established place of business in Massachusetts. Defendant further contends that it preserved its objection to venue by 1) denying that venue was proper in its answer and 2) filing a prior motion to transfer pursuant to 28 U.S.C. § 1404(a). Plaintiffs respond that defendant's motion should be denied for four reasons: 1) it waived its objection to venue, 2) venue is proper in this Court pursuant to 28 U.S.C. § 1400(b), 3) the complaint alleges two claims of trademark infringement as to which venue is proper in this Court and 4) judicial economy instructs against dismissing or transferring the case.

Defendant's contention that it preserved its defense of improper venue by stating in its answer that it "denies that venue is proper in this District" is insufficient. This Court has found that

> even a defending party who seasonably asserts Rule 12 defenses in his answer may forfeit those defenses by his subsequent actions. Failure to press such defenses after raising them may result in abandonment.

Plunkett v. Valhalla Inv. Servs., Inc., 409 F. Supp. 2d 39, 41 (D. Mass. 2006).

After filing its answer, defendant failed to raise the defense of improper venue. In July, 2016, defendant moved to transfer venue pursuant to 28 U.S.C. 1404(a) which allows a case to be transferred to any other district in which it could have been filed "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. 1404(a). As the Supreme Court has observed, "[section] 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege." Van Dusen v. Barrack, 376 U.S. 612, 634 (1964) (superseded by statute on other grounds); see also Ponce De Leon Hosp. Corp. v. Avalon Logistics, Inc., 117 F. Supp. 3d 124, 131 (D.P.R. 2015) ("[Section 1404(a)] presupposes that venue is proper in the original district court, but it may also be proper in another more convenient district."). By filing a motion to transfer venue based upon convenience and failing to assert that venue was improper in that motion, defendant conceded that venue is proper in this Court.

Not only did defendant implicitly concede that venue is proper in this Court, it also attended a scheduling conference

-5-

and requested leave to file an early summary judgment motion at that conference. This Court granted that request and defendant moved for summary judgment in February, 2017. By filing an early motion for summary judgment, defendant abandoned its defense of improper venue. This Court therefore declines to consider the merits of venue under 28 U.S.C. § 1404(b).

Moreover, defendant's contention that an objection to improper venue under 28 U.S.C. § 1400(b) was previously unavailable is incorrect. Under the "raise-or-waive rule" a party is generally considered to have waived defenses that it fails to raise. Although the rule has a "narrow equitable exception" for unavailable defenses, that exception applies

> only if (i) at the time of the procedural default, a prior authoritative decision indicated that the defense was unavailable, and (ii) the defense became available thereafter by way of supervening authority . . . .

Bennett v. City of Holyoke, 362 F.3d 1, 7 (1st Cir. 2004).

Since 1957, the Supreme Court has consistently held that venue in patent cases is determined by 28 U.S.C. 1400(b). TC Heartland LLC, 137 S. Ct. at 1520; see also Cobalt Boats, LLC v. Sea Ray Boats, Inc., No. 2:15-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) ("Based on the Supreme Court's holding in TC Heartland, Fourco has continued to be binding law since it was decided in 1957, and thus, it has been available to every defendant since 1957."). The Federal Circuit is not empowered

to overturn a decision of the Supreme Court.  Accordingly, the objection to improper venue was available to defendant and, by not raising it, defendant waived that objection. See Cobalt Boats, 2017 WL 2556679, at *3.

Because this Court finds that defendant abandoned and therefore waived the available defense of improper venue, it is unnecessary to consider plaintiffs' other arguments opposing the motion to dismiss and transfer venue.

**IV. Motion for Expedited Briefing and for a Stay**

There is no need to stay the case pending a decision on venue because defendant abandoned its venue objection. Therefore, the motion for expedited briefing and a stay will be denied as moot.

## ORDER

In accordance with the foregoing, defendant's motion to dismiss or transfer venue (Docket No. 71) is **DENIED** and its motion for expedited briefing and a stay (Docket No. 73) is **DENIED as moot.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 29, 2017