```
                    United States District Court
                       District of Massachusetts
 _____
                               )
AMAX, INC. AND WORKTOOLS, INC., )
                               )
        Plaintiffs,            )
                               )
        v.                     )
                               )   Civil Action No.
ACCO BRANDS CORP.,             )   16-10695-NMG
                               )
        Defendant.             )
 _____)
```

## MEMORANDUM & ORDER

**Gorton, J.**

Plaintiffs Amax, Inc. ("Amax") and Worktools, Inc. ("Worktools" and, collectively with Amax, "plaintiffs") allege that defendant ACCO Brands Corp. ("ACCO" or "defendant") infringed their patents and trademark. Defendant's motion for summary judgment is pending before the Court. For the reasons that follow, that motion will be denied.

### I. Background

The plaintiffs are two corporations. Amax is organized under the laws of Delaware and has a principal place of business in East Greenwich, Rhode Island. Worktools is organized under the laws of California and maintains its principal place of business there. Defendant ACCO is a Delaware corporation with a principal place of business in Lincolnshire, Illinois.

The plaintiffs and defendant sell competing desktop staplers. Worktools is the assignee of U.S. Patent Nos.

-1-

7,178,709 ("the '709 patent") and 7,748,589 ("the '589 patent") as to which Amax holds an exclusive license. Amax is also the assignee of U.S. Trademark Registration No. 3,377,921 for "Long Reach" ("the Long Reach trademark"). Defendant manufactures and sells the Swingline Quick Touch Full Strip and Quick Touch Compact staplers. Plaintiffs allege that defendant's staplers infringe their patents and trademark.

In April, 2016, plaintiffs filed a complaint alleging two counts of patent infringement in violation of 35 U.S.C. § 271(a) and (b) two counts of trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A). Defendant answered in due course and moved to transfer venue. In October, 2016 this Court denied that motion to transfer and in December, 2016 convened a scheduling conference.

In June, 2017, defendant filed motions 1) to dismiss or transfer venue based upon a recent decision of the United States Supreme Court, TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514 (2017), and 2) to expedite briefing and stay the case. This Court promptly denied those motions. Meanwhile, in February, 2017, with leave of Court, defendant filed an early motion for summary judgment which plaintiffs opposes. That motion is the subject of this memorandum and order.

**II. Defendant's Motion for Summary Judgment**

Defendant moves for summary judgment, asserting that 1) its staplers do not infringe the '709 patent, 2) the asserted claims of the '589 patent are invalid under the doctrine of collateral estoppel and 3) its senior use of "Long Reach" on its staplers is a complete defense to trademark infringement.

**A. Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the

entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B. Application**

**1. Alleged Infringement of the '709 Patent**

An infringement analysis requires 1) the Court to determine, as a matter of law, the meaning and scope of the patent claims asserted to be infringed, which typically occurs at a Markman hearing, and 2) the trier of fact to compare the properly construed claims to the device accused of infringing. Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996).

Defendant moves for summary judgment of non-infringement with respect to the '709 patent. This Court agrees with plaintiffs that, because the patent terms must be construed before evaluating infringement and a Markman hearing is scheduled for October, 2017, summary judgment is premature at this point. See, e.g., McNulty v. Taser Int'l, Inc., No. SACV 01-395-DOC, 2002 WL 257860, at *5-6 (C.D. Cal. Feb. 4, 2002); Gallant v. Telebrands Corp., 35 F. Supp. 2d 378, 403 (D.N.J.

-4-

1998). Thus, defendant's motion for summary judgment of noninfringement of the '709 patent will be denied without prejudice.

### 2. Collateral Estoppel and the '589 Patent

Defendant avers that the asserted claims of the '589 patent are invalid under the doctrine of collateral estoppel because they are substantially similar to previously litigated claims of the '709 patent.

#### a. Legal Standard

Collateral estoppel, or issue preclusion, prevents a party from re-litigating issues that have been previously adjudicated. Manganella v. Evanston Inc., 700 F.3d 585, 591 (1st Cir. 2012) (citing Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 770 (1st Cir. 2010)). Issue preclusion applies where 1) the same issue is raised in both actions, 2) the issue was actually litigated in the earlier action, 3) the issue was determined by a valid and binding final judgment and 4) the determination of the issue was necessary to that judgment. Id.

"Complete identity of claims is not required to satisfy the identity of issues requirement for claim preclusion." Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC, 778 F.3d 1311, 1319 (Fed. Cir. 2015). The crucial question is whether the differences between the two sets of claims "materially alter the question of validity." Id. (quoting Ohio

Willow Wood Co. v. Alps S., LLC, 735 F.3d 1333, 1342 (Fed. Cir. 2013)).  If two patents describe inventions that are "substantially the same" using "slightly different language" and a final judgment has been issued with respect to one patent, issue preclusion may apply to the second, similar patent. Ohio Willow Wood Co., 735 F.3d at 1342-43.  To defeat the application of collateral estoppel, a party must show that the patents are different in a "patentably significant" way. Id. at 1343.

**b. Application**

According to defendant, issue preclusion applies because in Accentra Inc. and WorkTools, Inc. v. Staples, Inc., et al., No. 07-5862, 2013 WL 12113238 (C.D. Cal. June 5, 2013) [hereinafter "the Accentura case"], the United States District Court for the Central District of California determined that claims 24 and 25 of the '709 patent were obvious and thus invalid pursuant to 35 U.S.C. § 103(a) because of two prior art staplers.  Defendant contends that, because the language of the asserted claims of the '589 patent is substantially similar to the language in the invalid claims of the '709 patent, collateral estoppel applies.  Plaintiffs respond that the claims of the '589 patent are substantially different than those litigated in the Accentra case because the '709 patent refers to handle motion in relation to the base of a stapler while the asserted claims of the '589 patent refer to handle motion in relation to the body of a

-6-

stapler. Plaintiffs proffer that, because the '589 patent involves a stapler in which the handle pivots around the body, the stapler has better leverage than prior art staplers. In support of that contention, plaintiffs offer the declaration of Joel Marks, the inventor of the '709 and '589 patents.

Viewing the record in the light most favorable to plaintiffs and construing reasonable inferences in their favor, this Court agrees that there is a material difference between the previously litigated '709 patent claims and the asserted claims of the '589 patent. Increased leverage because of the connection between the handle and the body is distinct from the connection between the handle and the base. Thus, because plaintiffs have identified a "patentably significant" difference, defendant's motion for summary judgment based upon collateral estoppel will be denied. See Ohio Willow Wood Co., 735 F.3d at 1342-43.

### 3. Infringement of the Long Reach Trademark

Finally, defendant claims that its senior use of "Long Reach" on staplers is a complete defense to plaintiffs' claims that it is infringing their "Long Reach" trademark that was federally registered in 2007 pursuant to the Lanham Act.

### a. Legal Standard

In 1946, Congress passed the Lanham Act which enables entities to register trademarks with the United States Patent

and Trademark Office ("PTO"). <u>Dorpan, S.L.</u> v. <u>Hotel Melia, Inc.</u>, 728 F.3d 55, 61-62 (1st Cir. 2013). Such registration provides notice to the public that the registering entity owns the mark. <u>Id.</u>

Two alternatives to claiming prior use as a defense to trademark infringement are identified in the Lanham Act. First, 15 U.S.C. § 1065 recognizes that, rather than replacing the common law trademark regime, the Lanham Act coexists with it by

> grant[ing] federally registered marks the right to exclusive use of the mark only insofar as they do not conflict with any pre-existing rights acquired under state law.

<u>Id.</u> (citing 15 U.S.C. § 1065). Accordingly, the rights of the owner of a trademark registered with the PTO "are always subject to any superior common law rights acquired by another . . . ." <u>Id.</u> (quoting <u>Allard Enter., Inc.</u> v. <u>Advanced Programming Res., Inc.</u>, 249 F.3d 564, 572 (6th Cir.2001)).

Neither party specifically asserts which law should be applied to determine whether a pre-existing trademark exists consistent with 15 U.S.C. § 1065. While recognizing that the state and federal common law standards are essentially the same, the First Circuit Court of Appeals ("First Circuit") has determined that whether a prior trademark exists is a question of state law. <u>Id.</u> at 63, n.10. Both the First Circuit and the Commonwealth of Massachusetts require that secondary meaning be

established for trademark protection to attach. Boston Beer Co. P'ship v. Slesar Bros. Brewing Co., 9 F.3d 175, 180 (1st Cir. 1993); USTrust v. U.S. Tr. Co. of New York, 210 F. Supp. 2d 9, 27 (D. Mass.), amended in part, 218 F. Supp. 2d 15 (D. Mass. 2002).

The second path to defeating a trademark infringement claim is found in § 1115 of the Lanham Act. Under subsection (b)(5) thereof, there is no infringement if the party which allegedly infringed the trademark began using the mark 1) before it was registered pursuant to the Lanham Act, 2) has used the mark continuously and 3) can establish continuous use in a particular geographic area. 15 U.S.C. § 1115(b)(5); see also Thrifty Rent-A-Car Sys., Inc. v. Thrift Cars, Inc., 831 F.2d 1177, 1181 (1st Cir. 1987).

### b. Application

Defendant claims that it has been using "Long Reach" on its staplers since 1974 and its use is senior to plaintiffs' registration of the "Long Reach" trademark in 2007. In support of that assertion, defendant provides excerpts from its "Fact Books", which it publishes annually, for the years 2003 to 2017. Each year, the Fact Book is purportedly distributed to defendant's sales representatives and customers throughout the United States. Plaintiffs counter that defendant has 1) failed to show secondary meaning and 2) failed to establish continuous

use in a specific geographic location as required by 15 U.S.C. § 1115(b)(5).

Plaintiffs' contention that defendant has failed to show secondary meaning and thus cannot raise a defense pursuant to a senior mark based upon state law under 15 U.S.C. § 1065 is tenable. When a trademark is descriptive, "[p]roof of secondary meaning entails vigorous evidentiary requirements." Boston Beer Co. P'ship, 9 F.3d at 181 (quoting Perini Corp. v. Perini Construction, 915 F.2d 121, 125 (4th Cir. 1990)). The proponent of the mark must prove that "the consuming public recognizes" the mark and associates it with the proponent's business. Id. at 181-82.

Here, although defendant has shown that it has used "Long Reach" for several years through its Fact Books, it has provided no evidence that consumers associate "Long Reach" with ACCO staplers. Accordingly, a genuine issue of material fact remains with respect to secondary meaning and summary judgment is unwarranted on 15 U.S.C. § 1065 grounds.

Moreover, defendant has failed to establish that the statutory defense under 15 U.S.C. § 1115(b)(5) applies. The Fact Books establish continuous use of "Long Reach" since at least 2003, before plaintiffs registered their mark but there is no information in those exhibits that shows the geographic location where they were distributed. Similarly, although

defendant asserts that its annual sales records demonstrate nationwide sales, the single record submitted is devoid of information as to the geographic location of such sales.

The only indication that the "Long Reach" mark was used nationally is the conclusory assertion of ACCO's General Manager, John Peters, Jr. that it has "offered and sold a stapler with the 'Long Reach' mark across the entire United States". This Court is not compelled to accept such an unsupported statement. See Torrech-Hernandez v. Gen. Elec. Co., 519 F.3d 41, 47 (1st Cir. 2008). Accordingly, because defendants have failed to establish the geographic location of the sales of their "long reach" staplers, they are not entitled to judgment as a matter of law and summary judgment based upon 15 U.S.C. § 1115(b)(5) will be denied.

## ORDER

In accordance with the foregoing, defendant's motion for summary judgment (Docket No. 46) is, with respect to the purported non-infringement of the '709 patent, **DENIED without prejudice** and, with respect to the collateral estoppel, prior use defenses and trademark infringement, **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 8, 2017